**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-406
(Filed: July 2, 2014)

**FILED**

JUL 2 2014

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| SKYE VEHR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Pro se; Lack of Subject Matter |
| v. | ) Jurisdiction; Transfer in the Interest of |
| | ) Justice under 28 U.S.C. § 1631 |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Skye Vehr, Washington, D.C., pro se.

Elizabeth A. Speck, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

CAMPBELL-SMITH, Chief Judge

     Plaintiff, Skye Vehr, brings a claim against McDonald's Corporation for allegedly refusing to admit her to a McDonald's restaurant located at 1235 New York Avenue, N.W., Washington, D.C., because she was accompanied by her service dog. Compl., May 12, 2014, ECF No. 1. Plaintiff brings her claim without counsel.

     For the reasons explained below, the court finds it lacks jurisdiction over plaintiff's claim. The court also finds it is in the interest of justice to transfer plaintiff's claim to a federal district court in which the claim could have been brought.

I.    Subject Matter Jurisdiction

     The complaint of a pro se plaintiff is generally held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "leniency [afforded to a pro se litigant] with respect to mere formalities" does not permit a court to "take a liberal view of . . . [a] jurisdictional requirement and set

a different rule for pro se litigants." Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Subject-matter jurisdiction, which "involves a court's power to hear a case," may "never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). In evaluating subject-matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (internal quotation marks omitted). The court may question its own subject-matter jurisdiction at any time. Rules of the United States Court of Federal Claims 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Folden, 379 F.3d at 1354 ("Subject-matter jurisdiction may be challenged at any time . . . by the court sua sponte.").

The Tucker Act provides for this court's jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012).

Plaintiff's only claim is against a McDonald's Corporation restaurant located in Washington, D.C. Plaintiff did not allege a claim against the United States. The court finds that is lacks jurisdiction over plaintiff's claim. See id.

II.     Transfer Under 28 U.S.C. § 1631

When this court determines that it lacks jurisdiction, it must transfer the case to a court where the action could have been brought if the transfer "is in the interest of justice." 28 U.S.C. § 1631 (2012); see also Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374-75 (Fed. Cir. 2005) (stating that the trial court may order transfer sua sponte).

Proper venue in the alternative forum of a district court is defined by statute, which provides that a civil action may be brought in "a judicial district in which a substantial part of the events . . . giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2) (2012).

The events of which plaintiff complains occurred in Washington, D.C. Compl. 1. The district court to which this matter could be transferred is the United States District Court for the District of Columbia.

According to the Federal Circuit,

[t]he phrase "if it is in the interest of justice" relates to claims which are nonfrivolous and as such should be decided on the merits. Zinger Construction Co. v. United States, 753 F.2d 1053, 1055 (Fed. Cir. 1985). Frivolous claims include "spurious and specious arguments" and "distortion and disregard of the record and opposing authorities, [which] indicate plainly that the present appeal does not rest on the razor's edge of frivolity, but falls clearly on the side of the frivolous." Devices for Medicine, Inc. v. Boehl, 822 F.2d 1062, 1068 (Fed. Cir. 1987).

Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987).

This court has said that "[w]hen [it] . . . must decide whether to transfer or dismiss a case, the Court must make a general assessment of whether the case has a potentially valid claim." Riles v. United States, 93 Fed. Cl. 163, 166 (2010) (internal quotation marks omitted).

The Americans with Disabilities Act provides protection to persons with disabilities. Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-213 (2012). "Title III of the [ADA] bans discrimination against persons with disabilities by owners or operators of public accommodations." Paralyzed Veterans of Am. v. Ellerbe Becket Architects & Eng'rs, P.C., 950 F. Supp. 393, 395 (D.D.C. 1996) (citing 42 U.S.C. § 12182(a)).

The District of Columbia District Court has previously considered access to public accommodations under the ADA.

A place of public accommodation, such as a restaurant, is required by the ADA to "take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services . . ." 42 U.S.C. § 12182(b)(2)(A)(iii). Failure to do so constitutes discrimination within the meaning of the ADA, for which an individual may seek injunctive relief. 42 U.S.C. § 12188(a).

Bunjer v. Edwards, 985 F. Supp. 165, 166 (D.D.C. 1997).

Plaintiff alleges that she was denied access to a restaurant, a place of public accommodation, because she was accompanied by her service dog. Compl. 1. Taking plaintiff's allegation to be true, plaintiff may have stated a claim under the ADA. The court finds that justice would be served by transferring plaintiff's complaint to the district court in which it could have been brought.

III.    Conclusion

For the foregoing reasons, the court finds that it lacks jurisdiction over plaintiff's claim.  The Clerk is directed to **TRANSFER** plaintiff's complaint to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1631.

Plaintiff also filed an Application to Proceed In Forma Pauperis (IFP Application), May 12, 2014, ECF No. 3.  For the limited purpose of addressing the court's jurisdiction, plaintiff's IFP Application is **GRANTED**.

IT IS SO ORDERED.

*Patricia J. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Chief Judge